UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RUBY CABLE,** | ) |
| | ) |
| v. | ) No. 3:22-cv-00307 |
| | ) |
| **KILO KIJAKAZI, Acting Commissioner** | ) |
| of Social Security | ) |

## ORDER

In this Social Security Appeal, Magistrate Judge Holmes has entered a thorough and well-reasoned 24-page Report and Recommendation ("R&R") (Doc. No. 32) in which she recommends that Ruby Cable's Motion for Judgment on the Administrative Record (Docket No. 26) be denied, and that the Commissioner's decision denying Disability Insurance Benefits be affirmed. Cable has filed Objections (Doc. No. 33) to the R&R.

In her Objections, Cable begins by "adopt[ing] and incorporat[ing] by reference her previously filed Brief in support of her Motion for Judgment on the Administrative Record [Doc 27], as well as the subsequently filed Reply Brief [Doc 31] filed in this matter." (Doc. No. 33 at 1). Because the R&R is potentially dispositive, the Court is required to review the matter *de novo* pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. However, such review only applies to "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, Cable's only specific objection is the Administrative Law Judges's ("ALJ's") reliance on Dr. Khan Li's statement, "I am going to give her a release to return to work" (A.R. at 271), and Magistrate Judge Holmes' conclusion that the same was harmless error. The statement from Dr. Li,

1

who performed surgery on Cable's back in 2017, was not a medical opinion as defined by Social Security Regulations, but instead was an issue "reserved for the Commissioner" because it was a statement opining that Cable was "able to work, or able to perform regular or continuing work." 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). Furthermore, Dr. Li's statement was made some nine months before her alleged onset date, rendering it unreliable. (Doc. No. 33 at 2).

Addressing the ALJ's error, Magistrate Judge Holmes wrote:

> Although the Court finds that the ALJ erred in considering Dr. Li's statement that Plaintiff "could return to work in two weeks," courts are to review agency decision for "harmless error." Rabbers v. Comm'r Soc. Sec. Admin., 582 F.3d 647, 654 (6th Cir. 2009). "[I]f an agency has failed to adhere to its own procedures," remand is inappropriate unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." Id. (quoting Connor v. United States Civil Serv. Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983)). Courts are not required to "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality." Id. (quoting NLRB v. Wyman–Gordon Co., 394 U.S. 759, 766 n. 6 (1969)). It is Plaintiff who has the burden of proof to show that the error was harmful. Rosshirt v. Comm'r of Soc. Sec., No. 2:19-CV-3280, 2020 WL 1465786, at *6 (S.D. Ohio Mar. 26, 2020), report and recommendation adopted, No. 2:19-CV-3280, 2020 WL 4592393 (S.D. Ohio Aug. 11, 2020) (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).
>
> The Court finds that Plaintiff has not met her burden to demonstrate that the ALJ's consideration of Dr. Li's statement was more than harmless error. As set forth above, the ALJ considered Plaintiff's medical records, including all of her visits with Dr. Li and with her other providers. He also considered her testimony during the hearing and the opinions of the reviewing state agency physicians. Plaintiff has not offered any argument to show that the ALJ's consideration of the statement made by her treating physician in 2017 that she could return to work "prejudiced [her] on the merits." Rabbers, 582 F.3d at 654. Furthermore, the record shows that Plaintiff did return to work after Dr. Li made this statement. (AR 47–48.) Accordingly, the ALJ's consideration of Dr. Li's statement is no more harmful than his consideration of Plaintiff's work history.

(Doc. No. 32 at 17-18). As for Cable's assertion that the ALJ failed to properly consider the "persuasiveness" of Dr. Li's opinion in accordance with 20 C.F.R. § 404.1520c because it was

2

rendered nine months before the onset date, Magistrate Judge Holmes properly found such an analysis to be unwarranted because that regulation applies only to "medical opinions," which Dr. Li's was not.

This Court agrees with Magistrate Judge Holmes' resolution of the ALJ's error regarding Dr. Li. The Court also agrees that Cable has not shown the error to be harmful. Finally, the Court, based upon its independent review of the record, finds that substantial evidence supports the ALJ's conclusion denying benefits. See, Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001) (observing that where there is substantial evidence to support the Commissioner's conclusion, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion"). Accordingly, the Court rules as follows:

(1) The R&R (Doc. No. 32) is **ACCEPTED** and **APPROVED**:

(2) Cable's Objections to the R&R (Doc. No. 33) are **OVERRULED**; and

(3) Cable's Motion for Judgment on the Administrative Record (Doc. No. 26) is **DENIED**. The Clerk of the Court shall enter a final judgment and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE